UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Polaris Marketing, Sales Practices, and Products Liability Litigation | Case No. 18-cv-0939 (WMW/DTS)<br><br>**ORDER DENYING MOTION FOR ENTRY OF JUDGMENT OR CERTIFICATION FOR INTERLOCUTORY APPEAL** |

This matter is before the Court on Plaintiffs' motion for entry of judgment or, in the alternative, certification for interlocutory appeal. (Dkt. 110.) Plaintiffs also seek a stay pending any interlocutory appeal. Defendants oppose Plaintiffs' motion. For the reasons addressed below, Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs are individuals who, between approximately May 8, 2014, and February 9, 2018, each purchased an off-road vehicle manufactured by Defendants. Defendants Polaris Industries, Inc. and Polaris Sales Inc. design and manufacture off-road vehicles and their component parts, including engines. Plaintiffs allege that a design defect, namely "excessive heat defect," has caused numerous fires, severe injuries, and deaths.

In April 2018, Plaintiffs commenced multiple putative class-action lawsuits against Defendants arising from the alleged defects and fire hazards associated with the class vehicles. United States Magistrate Judge David T. Schultz consolidated these cases and appointed interim counsel to act on behalf of the putative class. Magistrate Judge Schultz

also ordered Plaintiffs to file a consolidated complaint, which Plaintiffs filed in June 2018. The consolidated complaint alleged 54 counts against Defendants.

In March 2019, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' consolidated complaint. In doing so, the Court dismissed without prejudice the claims asserted by seven of the Plaintiffs for lack of standing. Plaintiffs filed an amended consolidated complaint in May 2019, adding new plaintiffs, counts, and factual allegations pertaining to the alleged vehicle defect. Defendants moved for partial dismissal of Plaintiffs' amended consolidated complaint arguing, among other things, that the Plaintiffs whose off-road vehicles had not manifested the alleged defect lacked standing under Article III of the United States Constitution.

In a February 26, 2020 Order, the Court granted in part Defendants' motion to dismiss. (Dkt. 106.) As relevant here, the Court concluded that seven of the Plaintiffs (the Dismissed Plaintiffs) failed to allege a *particularized* and *actual* injury in fact and, therefore, the Dismissed Plaintiffs lacked Article III standing to pursue their claims in federal court. Consequently, the Court dismissed without prejudice the Dismissed Plaintiffs' claims.

Plaintiffs now move for entry of judgment as to the Dismissed Plaintiffs' claims or, in the alternative, an order certifying those claims for interlocutory appeal. Plaintiffs also request a stay of this case pending any interlocutory appeal that the Court authorizes. Defendants oppose Plaintiffs' motion.

# ANALYSIS

## I. Entry of Judgment Under Rule 54(b)

Plaintiffs request immediate entry of judgment as to the Dismissed Plaintiffs' claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Defendants oppose this request.

A district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). It is within the district court's discretion to enter final judgment as to some, but not all, of the claims in a lawsuit pursuant to Rule 54(b). *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016). Interlocutory appeals generally are disfavored, however, and "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Williams v. County of Dakota, Nebraska*, 687 F.3d 1064, 1067 (8th Cir. 2012). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curiam) (internal quotation marks omitted). For these reasons, Rule 54(b) certification should not be granted routinely or as an accommodation to counsel. *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006).

When deciding whether an entry of judgment under Rule 54(b) is warranted, a district court undertakes a two-step analysis. *Downing*, 810 F.3d at 585. First, the district court must determine that it is addressing a final judgment—an "ultimate disposition of an individual claim." *Id.* (citation omitted). When considering whether to enter judgment

under Rule 54(b), "the line between deciding one claim out of many, or only part of a single claim, can become quite blurred." *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 930 F. Supp. 1317, 1324 (D. Minn. 1996). A plaintiff that presents alternative legal theories, but recovers under only one of them, "has only a single claim of relief for Rule 54(b) purposes." *Id.* (citing *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978)). Here, Plaintiffs seek immediate entry of judgment as to only the Dismissed Plaintiffs' claims. Because the Court dismissed the Dismissed Plaintiffs' claims for lack of standing, the first step of the Rule 54(b) analysis is satisfied.

Second, Rule 54(b) requires that there be no just reason for delay in entering judgment as to these claims. *Downing*, 810 F.3d at 585. When determining whether this requirement has been met, a district court considers "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* (citation omitted). When a district court weighs and examines the competing interests involved in a certification decision, that decision is afforded "substantial deference" on appeal. *Williams*, 687 F.3d at 1068. Although a district court need not provide a detailed statement of reasons why there is no just reason for delay, the decision should reflect an evaluation of relevant factors. *Id.* The United States Court of Appeals for the Eighth Circuit has identified the following factors for district courts to consider when determining whether a danger of hardship through delay exists:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff

against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Downing*, 810 F.3d at 586. Each factor is addressed below.

### A. Relationship Between Adjudicated and Unadjudicated Claims

The relationship between the adjudicated and unadjudicated claims is the first factor. The Court dismissed the claims of the Dismissed Plaintiffs for lack of standing but did not dismiss those same claims as advanced by the Plaintiffs whose off-road vehicles allegedly manifested the purported defect. Although the dismissed claims and the non-dismissed claims involve facts specific to each individual Plaintiff, many of the facts and legal issues are identical or closely related. As such, there is significant factual and legal overlap between the adjudicated and unadjudicated claims in this matter.[1] Piecemeal appellate review is disfavored so as to further the efficient administration of justice and to avoid wasted judicial resources. *See Sargent v. Johnson*, 521 F.2d 1260, 1264 (8th Cir. 1975). Here, because the immediate entry of judgement likely would result in piecemeal appellate review, this factor weighs against the immediate entry of judgment. *See Nw. Airlines*, 930 F. Supp. at 1326 (reaching same conclusion as to this factor).

---

[1] Plaintiffs contend that "[t]he Dismissed Plaintiffs' claims are separate and distinct from the remaining Plaintiffs' claims, whose claims are not subject to an Article III standing challenge from [Defendants]." But Plaintiffs' standing arguments—the basis on which the Dismissed Plaintiffs' claims were adjudicated—involve factual allegations as to the alleged injuries Plaintiffs suffered, which likely will significantly overlap with the facts that will develop as the remaining Plaintiffs litigate their claims. This factual overlap includes, but is not necessarily limited to, the nature and scope of the alleged defect.

### B.  Possibility That the Need for Appellate Review Will Be Mooted

The second factor is the possibility that the need for appellate review might be mooted by future developments in the district court. Plaintiffs present no argument as to this factor. Defendants contend that this factor weighs against immediate entry of judgment because, if Defendants prevail on the merits in this case, the Dismissed Plaintiffs' standing arguments will be moot. Although the possibility of Defendants prevailing on the merits is purely speculative, Defendants are correct that such a result likely would moot the need for appellate review of Plaintiffs' standing arguments. Therefore, this factor also weighs against the immediate entry of judgment.

### C.  Possibility of Subsequent Appellate Review of the Same Issues

The third factor is the possibility that subsequent appellate review will involve the same issues. As addressed above, piecemeal appeals are strongly disfavored. *See Williams*, 687 F.3d at 1067; *Nw. Airlines*, 930 F. Supp. at 1326. And a "similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]." *Hayden*, 719 F.2d at 270 (citation omitted). There is substantial factual and legal overlap between the claims in this case, as addressed above, which weighs against granting Plaintiffs' request for immediate entry of judgment. Moreover, if Plaintiffs were to seek to amend their complaint to include additional Plaintiffs—as they have already done once in this case—it is possible that the same legal and factual issues as to Article III standing will present themselves again. As such, the risk of subsequent appellate review involving the same issues weighs against the immediate entry of judgment here.

### D. Possibility of Setoff

The fourth factor—the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final—does not appear to be implicated by this case. Therefore, this factor weighs in favor of the immediate entry of judgment. *See Nw. Airlines*, 930 F. Supp. at 1327 (reaching same conclusion when no possibility of setoff existed).

### E. Miscellaneous Factors

The fifth factor comprises "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Downing*, 810 F.3d at 586. Plaintiffs' argument as to these miscellaneous factors focuses on delay.[2] According to Plaintiffs, if immediate entry of judgment is not granted, "[t]he Dismissed Plaintiffs may be forced to wait (1) several years for the resolution of the claims of the remaining Plaintiffs in the action; and (2) a number of additional years while their claims are prosecuted before obtaining final resolution or recovery."

Although delay is a relevant factor in a district court's Rule 54(b) analysis, *id.*, the delay of an appeal *always* exists when a case has not reached final judgment on all claims. Nonetheless, the Eighth Circuit has recognized that it "is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Clark v. Baka*, 593

---

[2] Plaintiffs do not argue, and the record does not suggest, that other miscellaneous factors such as economic or solvency considerations, shortening the time of trial, frivolity, or litigation expense warrant the immediate entry of judgment here.

F.3d 712, 715 (8th Cir. 2010) (internal quotation marks omitted). Entry of judgment under Rule 54(b) is warranted only when "there is some danger of hardship or injustice which an immediate appeal would alleviate." *Id.* (internal quotation marks omitted). The fact that a subset of parties to a lawsuit will have to wait until *all* claims in the lawsuit are resolved before seeking appellate review does not, by itself, present a danger of hardship or injustice. *See id.* (concluding that district court abused its discretion by granting Rule 54(b) motion when the record did not demonstrate "how or why the [plaintiffs] will face hardship or injustice by waiting to appeal until their claims against all the defendants are fully resolved by the district court"). Here, as in *Clark*, Plaintiffs "fail[ ] to distinguish this case from any civil action where some, but not all, of the [parties] are dismissed before trial." *Id.* (internal quotation marks omitted).[3] Because Plaintiffs have not demonstrated a danger of hardship or injustice that will result if the Dismissed Plaintiffs are not permitted to immediately appeal the dismissal of their claims, this factor weighs against the immediate entry of judgment.

In summary, all but one of the relevant factors weighs against granting the extraordinary relief of entering immediate judgment on the Dismissed Plaintiffs' claims. Accordingly, Plaintiffs' motion for entry of judgment under Rule 54(b), Fed. R. Civ. P., is denied.

---

[3] Moreover, to the extent that the Dismissed Plaintiffs will suffer any hardship by having to wait to appeal the dismissal of their claims, granting Plaintiffs' motion for entry of judgment would merely shift that hardship onto both the non-dismissed Plaintiffs and the Defendants, who would be forced to wait for this case to proceed on the merits.

## II. Certification for Interlocutory Appeal

Plaintiffs argue, in the alternative, that the Court's February 26, 2020 Order dismissing the Dismissed Plaintiffs' claims for lack of standing should be certified for interlocutory appeal.

Section 1292(b) governs the interlocutory appeal of a non-final order. 28 U.S.C. § 1292(b). This statute permits the certification of non-final orders for interlocutory appeal when (1) the order involves a controlling question of law, (2) substantial grounds for a difference of opinion exist on that question, and (3) the immediate appeal of the order would advance the ultimate conclusion of the litigation.[4] *Id.* Interlocutory appeals are appropriate for "extraordinary cases," not merely "to provide review of difficult rulings in hard cases." *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (internal quotation marks omitted). "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotation marks omitted). Accordingly, the party seeking interlocutory review "bears the heavy burden of demonstrating that the case is an exceptional one in which [an] immediate appeal is warranted." *Id.*

---

[4] Even when a district court certifies a non-final order for interlocutory appeal, the court of appeals may decline such review. *See* Fed. R. App. P. 5(a) (governing discretionary appeals).

### A. Controlling Question of Law

For the purpose of an interlocutory appeal under Section 1292(b), a controlling question of law is a legal issue that is not "a matter for the discretion of the trial court." *Id.* at 377 (internal quotation marks omitted). Here, the Court dismissed the claims of the Dismissed Plaintiffs for lack of Article III standing. Plaintiffs contend that, because standing is a jurisdictional legal determination, it is a controlling question of law as it does not involve an exercise of this Court's discretion. Defendants counter that Article III standing is not a controlling question of law because standing is a mixed question of law and fact that involves the application of underlying factual allegations. Neither Plaintiffs nor Defendants identify legal authority that squarely supports their respective arguments. But the Court need not resolve this dispute. Assuming without deciding that this Court's Article III standing determination involved a controlling question of law, as addressed below, Plaintiffs have not satisfied their heavy burden as to the other two factors necessary to certify a question for interlocutory appeal.

### B. Substantial Grounds for a Difference of Opinion

To warrant certification for interlocutory appeal, Plaintiffs must demonstrate that substantial grounds for a difference of opinion exist. Relying on United States District Court decisions from several districts outside of the Eighth Circuit, Plaintiffs contend that substantial grounds for a difference of opinion exist as to the Court's Article III standing determination.

Substantial grounds for a difference of opinion exist when there are "a sufficient number of conflicting and contradictory opinions." *Union County*, 525 F.3d at 647

(quoting *White*, 43 F.3d at 378).  Such grounds may exist if "a difference of opinion exists *within the controlling circuit*" or "the circuits are split on the question."  *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014) (emphasis added) (internal quotation marks omitted).  Interlocutory appeal is not warranted when the Eighth Circuit has provided "clear guidance" on the disputed legal question.  *S.B.L. by and through T.B. v. Evans*, 80 F.3d 307, 312 (8th Cir. 1996) (internal quotation marks omitted).

Here, in reaching its Article III standing determination, this Court applied binding Eighth Circuit precedent.  *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (holding that, to demonstrate standing, "it 'is not enough' for a plaintiff 'to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that *their* product *actually exhibited* the alleged defect.' " (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011))).  In seeking interlocutory appeal as to that issue, Plaintiffs rely exclusively on district court decisions from other circuits, which are not precedential authority (in this Circuit or elsewhere) and do not purport to apply Eighth Circuit law.  Plaintiffs cite no legal authority that contradicts *Wallace* either from within the Eighth Circuit or from a United States Court of Appeals outside the Eighth Circuit.  As such, the cases on which Plaintiffs rely demonstrate neither a difference of opinion within this Circuit nor a circuit split as to this issue.

Accordingly, Plaintiffs have not satisfied their heavy burden to establish that a substantial ground for a difference of opinion warrants certification for interlocutory appeal in this case.

### C.     Material Advancement of the Termination of Litigation

Certification for interlocutory appeal is permitted only when an immediate appeal will "materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378 (internal quotation marks omitted).  Plaintiffs contend that immediate appellate review of the dismissal of the Dismissed Plaintiffs' claims for lack of standing will minimize overall litigation burdens because such review will either narrow the scope of the litigation if Defendants prevail or avoid a remand and re-litigation in the future if Plaintiffs prevail.

Here, interlocutory review of this Court's Article III standing determination as to the Dismissed Plaintiffs will not materially advance the termination of this litigation because, regardless of the outcome, this litigation will progress—either with or without the Dismissed Plaintiffs.  Although Plaintiffs contend that an immediate interlocutory appeal would avoid the possibility of re-litigating this case years in the future in the event that this Court's Article III standing determination is reversed, the Eighth Circuit has rejected this argument as a basis for certifying an issue for interlocutory appeal:

> This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss.  It is always true in such cases that there is a risk of having two trials.  If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress.  The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances.

*Bullock v. Baptist Mem. Hosp.*, 817 F.2d 58, 60 (8th Cir. 1987) (dismissing interlocutory appeal for lack of jurisdiction). The reasoning in *Bullock* applies here and belies Plaintiffs' arguments to the contrary. Indeed, contrary to Plaintiffs' argument, immediate interlocutory review would *stall* this case, which remains at the pleading stage.

In summary, Plaintiffs have not established that certification for interlocutory appeal under 28 U.S.C. § 1292(b) is permissible in this case. Accordingly, Plaintiffs' alternative motion for certification for interlocutory appeal is denied. In light of this conclusion, Plaintiffs' request to stay this case pending any interlocutory appeal is denied as moot.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of judgment or, in the alternative, certification for interlocutory appeal, (Dkt. 110), is **DENIED**.

Dated: June 30, 2020                                                                s/Wilhelmina M. Wright
                                                                                                Wilhelmina M. Wright
                                                                                                United States District Judge